# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW PASSMORE, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| SIX CONSULTING, INC. D/B/A ) | |
| QUOTUM ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Matthew Passmore (Plaintiff or "Mr. Passmore"), by and through his undersigned counsel, and files his Complaint against Defendant Six Consulting, Inc. d/b/a Quotum ("Defendant"), and shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs, for Defendant's failure to pay federally mandated overtime

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Six Consulting, Inc. is a domestic corporation, does business within this District, and is subject to jurisdiction in this Court.

5.

Defendant may be served with process via its registered agent, The Chugh Firm, AAC, 8800 Roswell Road, Bldg C, Suite 230, Atlanta, Ga, 30350.

6.

Because a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district, venue in this Court is proper pursuant to 28 U.S.C. §1367.

### III.   Parties and Facts

7.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

8.

From on or about March 1, 2019, to on or about March 17, 202, Plaintiff was employed by Defendant as a Share Point Developer.

9.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

10.

Throughout his employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically rudimentary data entry, Excel spreadsheet editing, and the use of end-user software requiring no special training.

11.

Plaintiff's work was closely supervised and directed by trained computer system administrators and required minimal analysis and the exercise of negligible discretion and judgment.

12.

Throughout Plaintiff's employment, Plaintiff was paid on a salary basis, without overtime compensation, calculated at one- and one-half times his regular rate, for the hours he worked in excess of 40 in work weeks.

13.

Defendant is an "employer" as that term has been defined by the FLSA.

14.

During his employment, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks.

15.

Defendant's gross revenues from commercial activities exceed $500,000 per year and Defendant's gross revenues exceeded $500,000 in the years 2018, 2019, and 2020.

16.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

17.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

19.

Plaintiff was also individually covered by the FLSA during his employment with Defendant by virtue of the duties he performed.

## Count I

## Violations of the Fair Labor Standards Act.

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

22.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

23.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

24.

Defendant's violation of the FLSA was willful, thus entitling Plaintiff to a three-year statute of limitations.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 30th day of August, 2021.

**BARRETT & FARAHANY**

/s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492
*Attorneys for Plaintiff*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
iesmith@justiceatwork.com